Filed 11/8/23  P. v. Haro CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E081033 |
| v. | (Super.Ct.No. FSB030258) |
| JOHNNY JOE HARO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ronald M. Christianson, Judge.  (Retired Judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Stephanie M. Adraktas, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Johnny Joe Haro appeals the order of the San Bernardino County Superior Court denying his petition for resentencing made pursuant to section 1172.6.[1]

## BACKGROUND

In March 2000, defendant and his codefendant, Daryl Scott Ferguson, attempted to rob a liquor store. In the course of the robbery, Ferguson fired his gun three times, hitting the store owner in the shoulder.

In 2001, a jury convicted defendant of several offenses, including attempted second degree robbery (§§ 664, 211), attempted voluntary manslaughter (§§ 664, 192, subd. (a)), and assault with a firearm (§ 245, subd. (b)), as well as discharge of a handgun by a principal during the commission of those crimes, resulting in great bodily injury (§ 12022.53, subds. (d) & (e)(1)). The trial court sentenced defendant to a prison term of 25 years to life, consisting of the upper term of three years for the attempted robbery, a two-year consecutive term for the assault, and a 25-year-to-life consecutive term for the use of a firearm enhancement attached to the attempted robbery count. The sentence for the attempted voluntary manslaughter was stayed pursuant to section 654. Defendant appealed the judgment and we affirmed with instructions to the trial court to amend defendant's abstract of judgment. (*People v. Ferguson* (Oct. 15, 2003, E030830) [nonpub. opn.].)

---

[1] Section 1170.95 was renumbered as section 1172.6 without change in the text, effective June 30, 2022 (Stats. 2022, ch. 58, § 10). For the sake of simplicity, we refer to the provision by its new numbering. All further statutory references are to the Penal Code.

In February 2022, defendant filed a petition for resentencing pursuant to section 1172.6. The People responded with a brief and request for judicial notice of the court's relevant case files, and argued defendant's conviction for attempted voluntary manslaughter does not come within section 1172.6. At the eligibility hearing, the trial court stated it had reviewed its file and agreed with the People that defendant is not eligible for resentencing relief and denied the petition. Defendant timely noticed this appeal.

Defendant's appointed appellate counsel filed an opening brief that sets forth statements of the case and facts but does not present any issues for adjudication. Counsel requests we exercise our discretion under *People v. Delgadillo* (2022) 14 Cal.5th 216 to conduct an independent review of the record. The brief lists the following issue considered by counsel: whether attempted voluntary manslaughter should be included as a qualifying offense for the purposes of section 1172.6 on the grounds that excluding defendants convicted of that crime violates the equal protection clauses of the United States and California Constitutions.

Upon receipt of the opening brief, we notified defendant of his counsel's inability to find an arguable issue, advised him we are not required to conduct an independent review of the record, and invited him to file any arguments he deemed necessary.

## DISCUSSION

In his handwritten letter submitted in response to our invitation, defendant argues reversal of the trial court's denial of his petition for resentencing is called for because:

3

(i) section 1172.6 applies to a conviction for attempted manslaughter because the statute does not exclude that crime, (ii) failure to include attempted manslaughter in the relief afforded by section 1172.6 violates the equal protection clauses of the United States and California Constitutions, (iii) the natural and probable consequences doctrine had a significant prejudicial impact on the jury's verdict, and (iv) his trial counsel did not provide effective assistance. He also requests this court to relieve his appointed appellate counsel and provide another attorney.

We are not persuaded by defendant's argument that attempted voluntary manslaughter is eligible for section 1172.6 relief because the statute does not exclude it. Subdivision (a) of section 1172.6 unambiguously limits the applicability of the statute to persons convicted of certain offenses and defendant does not cite, nor do we find, any authority or legislative history suggesting the Legislature intended for the statute to encompass any offense not specified in subdivision (a). (*People v. Colbert* (2019) 6 Cal.5th 596, 603 [where the statute's language is unambiguous, then the plain meaning of the statute governs].) Naturally, because the offense of attempted voluntary manslaughter is not included in section 1172.6, the issue whether the natural and probable consequences doctrine had a significant prejudicial impact on the jury's verdict is of no relevance here.

Nor do we agree with defendant that the exclusion of attempted voluntary manslaughter runs afoul of the equal protection clauses set forth in the United States and California Constitutions. Those provisions do not apply because defendant is not

4

similarly situated with those who are entitled to the benefit of section 1172.6. (*People v. Cervantes* (2020) 44 Cal.App.5th 884, 888.) The crime of voluntary manslaughter is a different crime and carries a different punishment than those set forth in subdivision (a) of section 1176.2.

Defendant urges us to find his trial counsel was ineffective because counsel did not reply to the People's response to the resentencing petition. A reply to the response is not required by section 1172.6, subdivision (c). Moreover, we are confident defendant did not suffer any harm on account of counsel's failure to reply because defendant's offense of attempted voluntary manslaughter does not qualify for resentencing relief.

Defendant requests that we relieve appointed appellate counsel and appoint another attorney "if this court believes future proceedings are necessary." No future proceedings on the issue of defendant's eligibility for resentencing pursuant to section 1172.6 are necessary and, in all events, we find counsel has provided effective representation on appeal.

## DISPOSITION

The trial court's order denying defendant's section 1172.6 petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

FIELDS
J.

6